STATE *ex rel.* WILLIAM DUNCAN, Petitioner, *v.* JOHN C. PRICE, JUDGE OF THE LAWRENCE CIRCUIT COURT, Respondent.

*Practice—Injunction—Change of Venue.*—A suit to enjoin the enforcing of a judgment must be brought in the county in which the judgment was rendered; and then if the judge be disqualified, a change of venue may be awarded as in other cases.

*Petition for Mandamus.*

*James F. Hardin,* for relator.

*Jno. S. Phelps,* for respondent.

I. The security in an injunction bond becomes a party to the suit, and on dissolution of the injunction judgment may be entered against the obligors in the bond, including the damages which may have been assessed—R. C. 1855, p. 1249, § 14.

II. The change of venue was properly awarded—R. C. 1855, p. 1559, §§ 1, 3 & 4.

WAGNER, Judge, delivered the opinion of the court.

This was a petition for a *mandamus* against John C. Price, Judge of the Thirteenth Judicial Circuit Court in this State. The petition alleges that on the —— day of May, 1864, Da-

vid E. Gibson recovered judgment against the relator, Duncan, in the Lawrence county Circuit Court, of which court the respondent was presiding judge, for the sum of three thousand eight hundred dollars and costs; that on or about the 15th day of October, the relator, after giving due notice to said Gibson, presented his application to the judge of the Lawrence Circuit Court praying for an injunction to restrain the said Gibson from enforcing the judgment; that the said judge granted the prayer of the petition and issued a temporary injunction in the cause, and that the same was duly served on Gibson, and that the final hearing was set for the May term of the court, 1866. At the May term Gibson appeared and filed his demurrer to the petition, and then filed a petition for a change of venue in the cause to some other circuit, alleging as a ground of change that the judge of the court was prejudiced against him, and that the security on the injunction bond was a relation of the judge. The court thereupon ordered a change of venue to Greene county, in the 14th Judicial Circuit, and refused to further proceed with the cause.

The relator contends that no change of venue is authorized or allowed by law in such a case, and that the Lawrence Circuit Court could not divest itself of jurisdiction, but was bound to proceed to hear and determine the cause. A strict literal interpretation of the statute might give some countenance to this position, as it is declared that " proceedings on an injunction to stay a suit or judgment shall be had in the county where the judgment was rendered or the suit is pending, and the summons may be directed and served as summons in ordinary cases"—R. C. 1855, p. 1248, § 5. But it is also provided that a change of venue may be awarded in any civil suit in any Circuit Court where the judge is interested or prejudiced, or is related to, or has been of counsel in the cause for either party—ibid. p. 1559, § 1. It cannot be presumed that section five in the Practice Act was intended to deprive a party of his right to a change of venue for any

of the causes specified in the general law regulating changes of venue.

We will not suppose that the Legislature was guilty of the absurdity of compelling a party to proceed and submit his cause to a judge who is so prejudiced against him that he cannot do him justice, or who is related to one of the parties, or who has been counsel against him; or if he refuses to make such submission, that then he must be deprived of all remedy or claim to have his rights adjudicated. We think that the fair and reasonable intendment of the statute is, that proceedings on an injunction to stay a suit or judgment shall be instituted in the county where the judgment was rendered or the suit is pending, and then, if the judge is disqualified, a change of venue may be awarded as in other cases.

The change of venue was rightfully awarded, and after the order providing for the change was made the Lawrence Circuit Court ceased to have any further control or jurisdiction over the case, and very properly refused to proceed to hear and determine the same.

The *mandamus* is refused, with costs. Judge Holmes concurs; Judge Lovelace absent.